# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3941

_____

| | | |
|---|---|---|
| Andrea Martin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| State of Missouri, Department of | * | Western District of Missouri. |
| Social Services, Division of Child | * | |
| Support Enforcement, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| Personnel and Labor Relations, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Dianne Goetz; Annie Tremain; Mary | * | |
| Stixrud; | * | |
| | * | |
| Appellees, | * | |
| | * | |
| Heather Jones, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Nancy Bundy, in her individual and | * | |
| official capacity, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Sharon Pennington; Bridget Jones, | * | |
| | * | |

Defendants,      *
     *

Carrie Broniec,      *
     *

         Appellee,      *
     *

Lorie Duemmel; Jim Doorsier; Joe      *
Labella; Office of Personnel      *
Management; Division of Child      *
Support Enforcement; Office of Civil      *
Rights,      *
     *

         Defendants,      *
     *

Valerie Davis, in her individual and      *
official capacity; Elaine Shortridge, in      *
her individual and official capacity;      *
Brian Kincade, in his individual and      *
official capacity; Gary J. Stangler, in      *
his individual and official capacity,      *
     *

         Appellees,      *
     *

Dennis Seidner, in his individual and      *
official capacity; Kelli Douglas, in her      *
official capacity; Gary Bailey,      *
     *

         Defendants.      *

_____

Submitted: April 5, 2006
Filed: April 12, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Andrea Martin appeals from the district court's[1] adverse grant of summary judgment in her employment-discrimination action. We affirm.

Ms. Martin began working for the Missouri Department of Social Services (DSS), Division of Child Support Enforcement, in November 1996. During and after her employment, she filed six charges with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, alleging various actions were taken against her, up to and including her October 2001 termination, based on race discrimination and in retaliation for her complaints of discrimination.

In this suit under Title VII and 42 U.S.C. § 1983, Ms. Martin claimed that she was subjected to a racially hostile environment, and was denied promotion, disciplined, and terminated based on her race (African American) and in retaliation for complaining of discriminatory conduct; and that she was denied her rights to free speech, equal treatment, and due process by the individual defendants.

We conclude that the district court properly granted summary judgment to defendants on Ms. Martin's claims that adverse actions were taken against her based on her race and in retaliation for filing complaints. We consider Ms. Martin's claims under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Hannoon v. Fawn Eng. Corp., 324 F.3d 1041, 1046 (8th Cir. 2003). While she established a prima facie case as to several adverse actions, see Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir.) (prima facie case for race-discrimination claim), cert. denied, 126 S. Ct. 807 (2005); Logan v. Liberty Healthcare Corp., 416 F.3d 877, 880 (8th Cir. 2005) (prima facie case for retaliation claim), petition for cert. filed, (Dec. 5, 2005) (No. 05-9124), DSS provided legitimate

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

nonretaliatory and nondiscriminatory reasons for the adverse actions, and Ms. Martin did not show that those reasons were pretextual. See Gilooly v. Mo. Dep't of Health & Senior Svcs., 421 F.3d 734, 739 (8th Cir. 2005). As to both promotion denials, DSS submitted evidence that they chose individuals who had higher composite interview scores than Ms. Martin, and Ms. Martin provided no evidence that she received a higher score or that she was intentionally scored lower. DSS also presented legitimate reasons for Ms. Martin's suspensions, and Ms. Martin did not show pretext. Finally, DSS asserted that Ms. Martin's termination was because of a "tirade" directed at her supervisor. Ms. Martin admitted that she used profanity and told her supervisor "they could all kiss [her] ass," but asserted the reason was pretextual because another employee had used the same language with a manager and was not reprimanded. Ms. Martin and the other employee were not similarly situated, however, as Ms. Martin had already been disciplined and suspended, and she was in a supervisory position. See Tolen v. Ashcroft, 377 F.3d 879, 882-83 (8th Cir. 2004) (to be similarly situated, comparable employees must have, inter alia, engaged in same conduct without distinguishing circumstances).

In support of her hostile-work-environment claim, Ms. Martin alleged that some coworkers had commented they "were tired of seeing all the black faces on the bulletin board" during Black History Month; another coworker had falsely reported that Ms. Martin pushed her, and had complained when Ms. Martin referred to her as "sweetie"; some coworkers would not speak to her and would not assist workers on her team when she was absent; and some unknown person or persons had "keyed" her car in the office parking lot and had stuck a nail in the tire of her car. We conclude that the alleged conduct did not rise to the level of a hostile work environment. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002) (hostile work environment entails workplace permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (internal quotation

-4-

and citation omitted)); <u>Willis v. Henderson</u>, 262 F.3d 801, 809 (8th Cir. 2001) (not Title VII's function to remedy mere unpleasant and rude behavior).

We conclude that summary judgment was likewise proper on Ms. Martin's section 1983 claims against the individual defendants. Although she engaged in many activities protected by the First Amendment, she did not show that she suffered any adverse employment action as a result. <u>See</u> <u>Gilooly</u>, 421 F.3d at 739. She also failed to show she was treated less favorably than similarly situated employees because of her race. <u>See</u> <u>Borgen v. Minnesota</u>, 236 F.3d 399, 408-09 (8th Cir.), <u>cert. denied</u>, 534 U.S. 816 (2001). Finally, Ms. Martin did not allege conduct by defendants that shocks the conscience. <u>See</u> <u>Hawkins v. Holloway</u>, 316 F.3d 777, 780 (8th Cir. 2003).

Accordingly, we affirm.

_____